UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NATHANIEL PETER KENNISON,

Petitioner,

v.                                                    CAUSE NO. 3:26-CV-458-GSL-AZ

WARDEN,

Respondent.

OPINION AND ORDER

Nathaniel Peter Kennison, a prisoner without a lawyer, filed a habeas petition to challenge his probation revocations proceedings and an arrest warrant issued by the LaGrange Superior Court under Case No. 44D01-2502-F6-26. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Kennison argues that he is entitled to habeas relief because he did not violate the conditions of his probation as charged. For relief, he asks for the warrant to be withdrawn and that his term of probation be deemed satisfied. To start, review of the State court docket[1] reveals that the LaGrange Superior Court has recalled the arrest warrant, rendering moot Kennison's concerns regarding the arrest warrant.

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

Further, Kennison cannot proceed on this petition because he has not exhausted State court remedies with respect to his claim. Exhaustion of State court remedies is not a statutory requirement for habeas petitions filed pursuant to 28 U.S.C. § 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991). Judicially-created common-law exhaustion applies when Congress has not clearly required exhaustion via statute. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-16 (7th Cir. 2004). To exhaust, a habeas petitioner must "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004)."This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.*

Kennison attests that he has attempted to appeal, though the description of his efforts is vague and is not reflected on the State court dockets. In any event, Kennison has not exhausted his remedies with respect to his claim in the LaGrange Superior Court. Under Indiana law, Kennison will have the opportunity to raise his concerns regarding the probation violation charges at a parole revocation hearing and will have the opportunity to appeal any unfavorable decision with the Indiana appellate courts. *See* Ind. Code § 35-38-2-3. While the LaGrange Superior Court has not set a hearing date, the probation revocation proceedings appear to be well underway. The parties are conducting discovery, the court has appointed Kennison counsel, and a status

conference is set for next month. On this basis, the court finds that Kennison has not exhausted State court remedies. Therefore, he may not proceed on this habeas petition.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE the habeas corpus petition (ECF 1) for failure to exhaust State court remedies; and

(2) DIRECTS the clerk to enter judgment and close this case.

SO ORDERED on July 16, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT